IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE L. HOFFMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES D. LEE, JOHN D. KASAWA, and RN DAN JEANS,<br><br>　　　　Defendants. | No. C 10-2541 LHK (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING PLAINTIFF TO PROVIDE LOCATION OF DEFENDANTS FOR SERVICE |

　　　　Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court orders Plaintiff to provide the current location of Defendants.

**DISCUSSION**

A.　Standard of Review

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

　　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.      Plaintiff's Claims

Plaintiff alleges that on September 17, 2007, Defendants conspired to ransack his cell and confiscate his necessary medical supplies. Defendant Jeans told Plaintiff that Defendants Drs. Lee and Kasawa ordered him to take Plaintiff's diapers and urinary bags so that Plaintiff was only allowed one diaper per day and two urinary bags per week. Plaintiff suffers from Neurogenic Bladder Dysfunction and a chronic infection disease whereby his urinary bags get contaminated. Plaintiff claims that this contamination makes him more susceptible to bacterial infections. Liberally construed, Plaintiff states a cognizable violation of the Eighth Amendment.

Plaintiff also appears to assert that Defendants retaliated against him. However, "[w]ithin the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's complaint alleges no facts that can support a constitutional claim of retaliation.

However, Plaintiff will be given the opportunity to file an amended complaint if he can in good faith allege facts to support a claim of retaliation. Within **thirty (30) days** from the date of this order, Plaintiff shall file an amended complaint. The amended complaint must indicate which specific, named Defendant(s) were involved, what the Defendant did, and what effect this had on Plaintiff. An amended complaint supersedes the initial complaint. An amended complaint may not incorporate by reference any parts of the original complaint or filings in another action. The amended complaint must be a completely new and self-contained document. Failure to file an amended complaint will result in dismissal of Plaintiff's retaliation claim.

C.       Location of Defendants

In cases involving plaintiffs proceeding *in forma pauperis* ("IFP"), the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d).  But, while incarcerated plaintiffs proceeding IFP may rely on service by the U.S. Marshals, "a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  If the Marshal is unable to effectuate service through no fault of his own, e.g., because Plaintiff failed to provide sufficient information or because the Defendant is not where Plaintiff claims, and Plaintiff is informed, Plaintiff must seek to remedy the situation or face dismissal. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided Marshal with sufficient information to serve official or that he requested that official be served), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

In Plaintiff's complaint, he notes that Defendants Kawasa and Lee are no longer working for the California Department of Corrections and that Defendant Jeans has resigned.  However, Plaintiff does not provide any current information regarding Defendants' locations.  It is Plaintiff's responsibility to provide sufficient information so that the Marshal can properly effect service. *See Walker*, 14 F.3d at 1421-22.  Without such information, the Court is unable to serve Plaintiff's complaint.

Accordingly, within **sixty (60) days** of the filing date of this order, Plaintiff shall provide the necessary information or face dismissal of this action without prejudice.

## CONCLUSION

Plaintiff's retaliation claim is DISMISSED with leave to amend.  If Plaintiff believes he can state a retaliation claim in good faith, he shall file an AMENDED COMPLAINT within **thirty (30) days** from the date this order.  The amended complaint must include the caption and civil case number used in this order (C 10-2541 LHK (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint

by reference. **Failure to file an amended complaint within thirty days and in accordance with this order with result in dismissal of Plaintiff's retaliation claim.** Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Within **sixty (60) days** from the filing date of this order, Plaintiff must provide the Court with sufficient information and/or an accurate current locations for all Defendants such that the Marshal is able to effect service.

**The Clerk of the Court shall send a copy of this order to the litigation coordinator at Salinas Valley State Prison, who is requested to provide to the Court, as a courtesy, any forwarding address information that is available with respect to these Defendants within thirty (30) days from the filing date of this order.**

If no further information is available from the Litigation Coordinator and if Plaintiff fails to provide the requested information within sixty (60) days, Plaintiff's action will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED:   9/7/2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge