IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE L. HOFFMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHARLES D. LEE, JOHN D. KASAWA,<br>and RN DAN JEANS,<br><br>　　　　Defendants. | No. C 10-2541 LHK (PR)<br><br>ORDER OF SERVICE;<br>DIRECTING DEFENDANTS TO<br>FILE DISPOSITIVE MOTION<br>OR NOTICE REGARDING<br>SUCH MOTION<br><br>(Docket Nos. 9, 10) |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On September 7, 2010, the Court screened the complaint, dismissed it with leave to amend, and directed Plaintiff to provide accurate location information for Defendants so that they could be served. On September 22, 2010, Plaintiff filed his amended complaint. On October 14, 2010, and November 9, 2010, Plaintiff filed motions to submit information regarding the location of Defendants. Plaintiff's motions are GRANTED. For the reasons stated below, the Court orders service upon the named Defendants.

**DISCUSSION**

A.　Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Hoffman541.srv.wpd

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

Plaintiff alleges that on September 17, 2007, Defendants conspired to ransack his cell and confiscate his necessary medical supplies.  Defendant Jeans told Plaintiff that Defendants Drs. Lee and Kasawa ordered him to take Plaintiff's diapers and urinary bags so that Plaintiff was only allowed one diaper per day and two urinary bags per week.  Plaintiff suffers from Neurogenic Bladder Dysfunction and a chronic infection disease whereby his urinary bags get contaminated.  Plaintiff claims that this contamination makes him more susceptible to bacterial infections.  Plaintiff also asserts that Defendants retaliated against him by, *inter alia*, keeping his medical supplies from him from September 17, 2007 through mid-January 2008.  Liberally construed, Plaintiff states cognizable claims of violations of the Eighth and First Amendment.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's motions to amend information regarding Defendants' addresses are GRANTED.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 7), all attachments thereto, and copies of this order on **Dr. Charles D. Lee** at 111 Elm Street, Suite 205, San Diego, CA 92101; **Dr. John Kasawa** at 8090 Parkway Dr., La Mesa, CA 91942; and **Nurse Dan Jeans** at Salinas Valley Memorial Healthcare System, 450 E. Romie Lane, Salinas, CA 93901.  The Clerk shall also serve a copy of this order on Plaintiff and mail a courtesy copy of the amended complaint to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

    a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt*, 315 F.3d at 1120 n.14.

The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5.   Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7.   All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendants' counsel.

8.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send

1  demands for documents or interrogatories (questions asking for specific, factual responses)
2  directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to
3  matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P. 26(b)(1).
4  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
5  cumulative or duplicative, or is obtainable from some other source that is more convenient, less
6  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
7  discovery in the action to obtain the information sought; or (iii) the burden or expense of the
8  proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In order to comply
9  with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
10 to his benefit to wait until defendants have filed a dispositive motion which could include some
11 or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered
12 by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
13 Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to meet and confer
14 with Defendants in person.  Rather, if his discovery requests are denied, and he intends to seek a
15 motion to compel, he must send a letter to Defendants to that effect, offering them one last
16 opportunity to provide him with the sought-after information.

17         9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
18 and all parties informed of any change of address and must comply with the Court's orders in a
19 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
20 pursuant to Federal Rule of Civil Procedure 41(b).

21         IT IS SO ORDERED.
22 DATED:   11/24/2010                           *Lucy H. Koh*
                                                 LUCY H. KOH
23                                               United States District Judge