IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE L. HOFFMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES D. LEE, JOHN D. KASAWA, and RN DAN JEANS,<br><br>    Defendants. | No. C 10-2541 LHK (PR)<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Docket No. 20) |

    Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. On November 24, 2010, the Court screened Plaintiff's amended complaint, and ordered it served upon named Defendants. In its order of service, the Court directed Defendants to file a dispositive motion no later than February 22, 2011. On March 4, 2011, Plaintiff filed a motion requesting the appropriate legal action and sanctions upon Defendants for failing to file their dispositive motion. On April 1, 2011, no Defendant having made an appearance, the Court construed Plaintiff's motion as a motion for entry of default judgment against Kasawa, the only Defendant whose summons was returned executed. The Court denied the motion for entry of default and ordered Kasawa to show cause why a default judgment should not be entered against him. On April 12, 2011, Kasawa, through counsel, filed a motion to dismiss for insufficient service of process, under Federal Rule of Civil Procedure 12(b)(5).

    The Court has looked into whether Kasawa has been served in this matter. In general, as

Order Denying Defendant's Motion to Dismiss
P:\PRO-SE\SJ.LHK\CR.10\Hoffman541mtdserv.wpd

1  in all § 1983 prisoner cases filed in this Court, the United States Marshals Service mails to each
2  of the Defendants at his place of business a summons and a copy of the complaint, as well as a
3  notice and acknowledgment of receipt of summons.  Upon receipt of the forms at the
4  Defendant's place of business (usually, the prison), the litigation coordinator forwards the
5  appropriate forms for execution to the Defendant, along with a form for requesting
6  representation by the California Attorney General's Office.  The Defendant signs the request for
7  representation and forwards it, along with the summons, the complaint, and notice and
8  acknowledgment form, to the Attorney General's Office.

9       In this case, both the declarations of the Deputy Attorney General assigned to this case
10 and Defendant Kasawa demonstrate that they have acted in accordance with that accepted
11 procedure.  Pursuant to the customary practice of the Attorney General's Office in section 1983
12 prisoner cases in this Court, Kay Yu, the Deputy Attorney General assigned to the case next
13 should have completed the acknowledgment of receipt of summons form on behalf of Kasawa,
14 who requested representation, and then should have returned it to the Marshals Service.  But that
15 did not happen in this case.  Instead, Deputy Attorney General Yu has filed a motion to dismiss
16 the case for insufficient service of process.  The motion argues that service was not properly
17 executed on Kasawa despite his having received a copy of the summons and complaint at his
18 place of business, and despite his having followed the customary practice of forwarding to the
19 Attorney General's Office an executed request for representation along with the summons,
20 complaint, and notice and acknowledgment form for the assigned deputy attorney general to
21 execute and return to the Marshals Service.

22      "So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally
23 construed' to uphold service."  *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132,
24 1135 (9th Cir. 2009) (*quoting Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir.
25 1994)).  "Sufficient service may be found where there is a good faith effort to comply with the
26 requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint
27 within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only
28 prevented by the defendant's knowing and intentional actions to evade service."  *Id.* at 1136.

Order Denying Defendant's Motion to Dismiss
P:\PRO-SE\SJ.LHK\CR.10\Hoffman541mtdserv.wpd         2

1  The Ninth Circuit applies a flexible approach to determine whether to permit the
2 defective service to stand. In *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984), the Ninth
3 Circuit adopted a rule permitting courts to overlook a non-compliant service of process provided
4 that (1) the party to be served received actual notice, (2) the defendant would not be prejudiced
5 by the defect in service, (3) there was a justifiable excuse for the failure to properly serve, and
6 (4) the plaintiff would be severely prejudiced if the complaint were dismissed. *Id.*
7  Kasawa does not argue that he did not have actual notice of the suit, or that he would be
8 prejudiced by maintaining the action, and the Court finds that the first two prongs are therefore
9 met. Plaintiff had a justifiable excuse for his failure to properly serve, in light of the customary
10 practice of the Attorney General's Office described above; Plaintiff's *pro se* status; and
11 Plaintiff's reliance on the Marshals Service to serve Defendants on his behalf. Finally, while
12 Plaintiff has not argued that he would be prejudiced if non-compliant service resulted in
13 dismissal of the suit, it is clear that at least some prejudice would result. Dismissal and
14 subsequent re-filing *solely* to perfect service of process would burden the resources of the parties
15 and the Court.
16  Given the complete lack of prejudice to Defendant, the fact that actual notice was clearly
17 accomplished, and the apparent obfuscation on the part of Defendant in taking advantage of the
18 customary practice of the Attorney General's Office to declare a potential technical defect in
19 service, the Court finds that Plaintiff substantially complied with Rule 4. *See Travelers Cas. &*
20 *Sur. Co. of Am.*, 551 F.3d at 1135-36.
21  Thus, Defendant's motion to dismiss for insufficient service is DENIED.
22  For the foregoing reasons, the Court hereby orders as follows:
23  1.  No later than **forty-five (45) days** from the date of this order, Defendant shall file
24 a motion for summary judgment or other dispositive motion with respect to the cognizable
25 claims in the amended complaint.
26  a.  If Defendant elects to file a motion to dismiss on the grounds that Plaintiff
27 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
28 Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

  2. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

   a. In the event Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

> declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

3.Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

4.The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5.All communications by the Plaintiff with the Court must be served on Defendant's counsel, by mailing a true copy of the document to Defendant's counsel.

6.Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

7.It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  4/19/11  *Lucy H. Koh*
LUCY H. KOH
United States District Judge