IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE L. HOFFMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES D. LEE, et al.,<br><br>    Defendants. | No. C 10-2541 LHK (PR)<br><br>ORDER DIRECTING PLAINTIFF TO LOCATE UNSERVED DEFENDANTS |

    Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. On November 24, 2010, the Court issued an order of service directing the Clerk of the Court to issue summonses on Defendants Doctor Charles D. Lee, Doctor John D. Kasawa, and Nurse Dan Jeans. On January 26, 2011, summonses were returned unexecuted on Defendants Lee and Jeans.

    Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved Defendants. *See* Fed. R. Civ. P. 4(m). In cases wherein the Plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The Court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472

Order Directing Plaintiff to Locate Unserved Defendants
P:\PRO-SE\SJ.LHK\CR.10\Hoffman541locate.wpd

1 (1995).  Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  If the Marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal.  *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided Marshal with sufficient information to serve official or that he requested that official be served).

Because Plaintiff has not yet provided sufficient information to allow the Marshal to locate and serve Defendants Lee and Jeans, Plaintiff must remedy the situation or face dismissal of his claims against said Defendants without prejudice. *See Walker*, 14 F.3d at 1421-22. Accordingly, Plaintiff must provide the Court with accurate and current information for Defendants Lee and Jeans such that the Marshal is able to effect service upon them.  **Failure to do so within thirty days of the date this order is filed will result in the dismissal without prejudice of the claims against Defendants Lee and Jeans**.

IT IS SO ORDERED.

DATED:   4/28/11

LUCY H. KOH
United States District Judge

Order Directing Plaintiff to Locate Unserved Defendants
P:\PRO-SE\SJ.LHK\CR.10\Hoffman541locate.wpd

2