IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE L. HOFFMAN, | No. C 10-2541 LHK (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| vs. | |
| CHARLES D. LEE, M.D., et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint under 42 U.S.C. § 1983. On May 23, 2011, Defendant John Kasawa ("Kasawa") filed a motion to dismiss, and a request for judicial notice. Kasawa's request for judicial notice is GRANTED. On June 3, 2011, Plaintiff filed his opposition to the motion to dismiss. On June 17, 2011, Kasawa file a reply.

On July 22, 2011, Defendant Charles D. Lee ("Lee") filed a motion to dismiss, and a request for judicial notice. Lee's request for judicial notice is GRANTED. Although given an opportunity, Plaintiff did not file an opposition.

For the reasons that follow, the Court GRANTS Defendants' motions to dismiss.[1]

---

[1] On June 8, 2011, Plaintiff filed a motion for entry of default judgment against Kasawa, arguing that Kasawa failed to file a motion for summary judgment, as directed by the Court in its April 19, 2011 order. However, the Court's order had instructed Kasawa to file, within 45 days,

Order Granting Defendants' Motions to Dismiss
P:\pro-se\sj.lhk\cr.10\Hoffman541mtd

**BACKGROUND**

In his amended complaint, Plaintiff alleges that Defendants retaliated against him because he had filed complaints and grievances against Lee. Plaintiff suffers from Neurogenic Bladder Dysfunction and a chronic infection disease whereby his urinary bags can get contaminated. Plaintiff argues that the contamination makes him more susceptible to bacterial infections. Plaintiff's claims stem from the confiscation of his medical supplies on September 17, 2007. He asserts that, on that day, Defendant Nurse Jeans ("Jeans"), at the direction of Lee, ransacked his cell, and confiscated his necessary medical supplies in retaliation for Plaintiff's filing of complaints and grievances. Plaintiff claims that Jeans left him only one diaper per day, and two urinary bags per week.

On October 2, 2007, Plaintiff filed a grievance regarding this confiscation, and accused Defendants of retaliating against him, and causing additional injuries. Initially, the appeals coordinator assigned him an appeal number, but, Plaintiff asserts that after Lee learned about the appeal, Lee persuaded the appeals coordinator not to process it. As a result, states Plaintiff, his appeal was screened out as untimely. Plaintiff filed a writ of mandate in Superior Court, and argued that his appeal was erroneously screened out as untimely. The Superior Court agreed, and Plaintiff's administrative appeal was reinstated.

In early November 2010, Plaintiff met with Magistrate Judge Vadas for settlement proceedings in another lawsuit, *Hoffman v. Lee*, No. 06-02248 JW (N.D. Cal., filed March 30, 2006), and informed Judge Vadas about the events that occurred on September 17, 2007. After meeting with Lee, Judge Vadas relayed to Plaintiff that Lee assured him that his medical supplies would be returned.

Finally, Plaintiff asserts that Kasawa and Lee purposely delayed processing an accommodation chrono permitting him his regular amount of medical supplies. Plaintiff asserts that the September 17, 2007 confiscation of his supplies, and delay in receiving his medical

---

a motion for summary judgment *or other dispositive motion*. (Emphasis added.) (Docket No. 24.) On May 23, 2011, Kasawa complied by filing the underlying motion to dismiss. (Docket No. 27.) Thus, Plaintiff's motion for entry of default judgment is DENIED. (Docket No. 35.)

Order Granting Defendants' Motions to Dismiss
P:\pro-se\sj.lhk\cr.10\Hoffman541mtd        2

supplies demonstrated deliberate indifference to his serious medical needs. Plaintiff argues that Lee ordered reprisals against him and attempted to influence the administrative appeals procedure. Plaintiff states that he finally received all of his weekly medical supplies by mid-January 2008.

**DISCUSSION**

In Kasawa's motion to dismiss, he first argues that this action should be dismissed in its entirety based on res judicata. Next, Kasawa argues that the action is barred by the statute of limitations. In Lee's motion to dismiss, he first argues that the action should be dismissed because he was not properly served. Next, Lee argues that the action is barred by res judicata. Because the Court agrees that the case should be dismissed based on res judicata, it does not address the remaining arguments raised by Kasawa or Lee.[2]

A.  Previous Lawsuit

In general, "[r]es judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis omitted). In the instant case, Defendants contend that the claims raised in this lawsuit are barred because they were raised or could have been raised in a prior lawsuit that Plaintiff litigated in the Northern District of California. *See Hoffman v. Lee*, No. 06-02248 JW (N.D. Cal., filed March 30, 2006).

In that previous action, Plaintiff filed a second amended complaint on February 17, 2010, alleging that Lee, the Chief Medical Officer and Health Care Manager of Salinas Valley State Prison, was deliberately indifferent to his serious medical needs by failing to provide proper and timely medical care regarding his urinary condition, and for retaliating against him for filing grievances. (Kasawa Req. Judicial Notice, Ex. A.) Plaintiff asserted that from 2005 through 2007, Lee interfered with and delayed his medical treatment. Plaintiff also alleged that Lee and those under his supervision retaliated against him. Specifically, Plaintiff relayed that on September 17, 2007, Lee "ordered prison medical officials to ransack [Plaintiff's] cell and

---

[2] Despite two attempts at service, Jeans has not been served. (Docket Nos. 15, 39.)

1  confiscate [Plaintiff's] diapers and medical supplies, including several bedtime urinary bags."
2  (*Id.* at ¶ 37.) On March 10, 2010, the jury returned a verdict in favor of Lee and against Plaintiff,
3  on the deliberate indifference claim, as well as the retaliation claim. (*Id.*, Ex. B.) Plaintiff
4  appealed the judgment, and the appeal is currently pending in the Ninth Circuit. *Hoffman v. Lee*,
5  No. 10-15657 (9th Cir., filed March 25, 2010).

6  B.  Elements of Res Judicata

7  As stated above, Defendants' position is that the previous lawsuit precludes litigation of
8  the claims Plaintiff raises here. To determine the preclusive effect of the previous lawsuit – a
9  federal lawsuit – the Court must look to federal law. *See Tahoe-Sierra Pres. Council, Inc. v.
10  Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 n.10 (9th Cir. 2003). Under federal law,
11  "[r]es judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on
12  the merits, and (3) privity between parties." *United States v. Liquidators of European Fed.
13  Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

14  1.  Identity of Claims

15  As the Ninth Circuit has stated, "[i]dentity of claims exists when two suits arise from the
16  same transactional nucleus of facts." *Tahoe-Sierra*, 322 F.3d at 1078 (internal quotation marks
17  omitted). "Whether two events are part of the same transaction or series depends on whether
18  they are related to the same set of facts and whether they could conveniently be tried together."
19  *International Union of Operating Engineers-Employers Constr. Industry Pension, Welfare &
20  Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (internal quotation marks
21  omitted). "Newly articulated claims based on the same nucleus of facts may still be subject to a
22  res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra*,
23  322 F.3d at 1078.

24  Here, the Court finds that the previous lawsuit and the current lawsuit are related to the
25  same transactional nucleus of facts. Presented in both lawsuits are a core set of allegations
26  related to the confiscation of Plaintiff's medical supplies on September 17, 2007. And given that
27  both lawsuits involve the same core facts, the two actions could have, and should have, been
28  conveniently tried together.

To the extent the previous lawsuit did not include all the distinct claims raised in the current lawsuit, it does not alter the analysis. "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims *could have been brought* in the earlier action." *Tahoe-Sierra*, 322 F.3d at 1078 (emphasis added). In his opposition, Plaintiff asserts that he could not have brought these claims in the previous lawsuit because he was still in the process of exhausting his administrative appeal regarding the confiscation of his medical supplies.[3] However, the record demonstrates that Plaintiff not only *could* have raised the claim regarding the September 17, 2007 confiscation of his medical supplies in his previous lawsuit, but he *actually* did so. (Kasawa Req. Judicial Notice, Ex. A at ¶ 37.) The record further shows that the jury heard about, and considered the claim. (*Id.*, Ex. C; No. 06-2248 JW Docket No. 197 "Transcript of Proceedings March 2, 2010" at 180-181, 182; No. 06-2248 JW Docket No. 198 "Transcript of Proceedings March 3, 2010" at 265-271.) Plaintiff's remaining retaliation claims asserted in his amended complaint stem from the September 17, 2007 confiscation of medical supplies, and last through the end of 2007. Thus, the Court concludes that, because the instant claims were or could have been raised in the previous lawsuit, they satisfy the "identity of claims" factor.

        2.        <u>Final Judgment on the Merits</u>

The previous lawsuit clearly reached a final judgment on the merits. It resulted in a jury verdict for Lee and against Plaintiff. (Kasawa Req. Judicial Notice, Ex. C.) Plaintiff argues that the previous lawsuit's judgment is not final because it is currently pending appeal in the Ninth Circuit. However, for purposes of res judicata, it is a final judgment. *Eichman v. Fotomat*

---

[3] Plaintiff initially submitted his administrative appeal, SVSP-A-07-04394, regarding the confiscation of his medical supplies on October 2, 2007. (Opp. at ¶ 4, Ex. Lee/Jeans/Kasawa.) On October 18, 2007, Plaintiff was notified that his appeal was rejected as untimely. (*Id.* at ¶ 6, Ex. SC Form.) On November 4, 2008, Plaintiff filed a writ of mandate in Superior Court, arguing that his administrative appeal should have been deemed timely. (*Id.* at ¶ 5, Ex. Writ. Mandate.) On December 22, 2008, the Superior Court concluded that Plaintiff's administrative appeal was erroneously screened out. (*Id.* at ¶ 6.) Thereafter, Plaintiff continued to pursue his appeal through the second and third levels of review, and was ultimately denied relief on April 2, 2010. (*Id.* at ¶¶ 7-8.)

1 *Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985) ("The federal rule on the preclusive effect of a
2 judgment from which an appeal has been taken is that the pendency of an appeal does not
3 suspend the operation of an otherwise final judgment for purposes of res judicata."). 
4 Accordingly, the previous lawsuit resulted in a final judgment on the merits.

5        3.      <u>Privity</u>

6       Finally, the previous lawsuit and the current lawsuit involve the same parties or at least
7 their privies. Plaintiff is undisputedly the complainant in both actions. Furthermore, in both
8 actions, Plaintiff has named Lee as a Defendant. In the current lawsuit, Plaintiff has also named
9 Kasawa and Jeans, to whom Plaintiff refers in the previous lawsuit as those under Lee's
10 supervision.

11       The Ninth Circuit has defined privity in the res judicata context as "a legal conclusion
12 'designating a person so identified in interest with a party to former litigation that he represents
13 precisely the same right in respect to the subject matter involved.'" *In re Schimmels*, 127 F.3d
14 875, 8881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d
15 84, 94 (5th Cir. 1977)). The following types of relationships allow res judicata to apply against
16 the non-party:

17         First, a non-party who has succeeded to a party's interest in property is bound
        by any prior judgment against the party. Second, a non-party who controlled
18         the original suit will be bound by the resulting judgment. Third, federal
        courts will bind a non-party whose interests were represented adequately by a
19         party in the original suit.

20 *Id.* at 95.

21       In this case, Kasawa and Jeans were non-parties to the previous lawsuit. However, their
22 interests were represented adequately by Lee, the party in the previous lawsuit. This is because,
23 in the current lawsuit, Plaintiff alleged that Lee conspired with, and directed, Kasawa and Jeans
24 to confiscate his medical supplies and retaliate against Plaintiff. A finding that Lee was not
25 liable for retaliating against Plaintiff by directing that his medical supplies be confiscated
26 necessarily also represents the interests of those under Lee's supervision and direction, Kasawa
27 and Jeans, as they are now implicated in this lawsuit. Therefore, the Court finds that there was
28 sufficient privity so that the res judicata bar extends to the claims alleged against all named

1 Defendants.

2 Accordingly, Defendants' motions to dismiss based on res judiciata are GRANTED.

### C. Defendant Jeans

After two separate attempts, the United States Marshal was unsuccessful in executing service upon Jeans. However, in ruling on a dispositive motion filed by defendants who have been served, the district court may sua sponte grant judgment in favor of defendants who have not been served or have not yet appeared. *See Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly granted motion for judgment on the pleadings as to unserved defendants where such defendants were in a position similar to served defendants against whom claim for relief could not be stated); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding district court on its own motion may grant motion to dismiss as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants). Here, because the Court concludes that Jeans is in a similar position to Kasawa, the Court sua sponte grants judgment in favor of Jeans.

Alternatively, on April 28, 2011, the Court advised Plaintiff that it was his responsibility to provide the information necessary to locate Jeans for service. In that order, the Court directed Plaintiff to either provide sufficient information to effectuate service, or face dismissal of Jeans within thirty days. *See* Fed. R. Civ. P. 4(m). On May 23, 2011, Plaintiff provided an alternate address for Jeans. However, on July 21, 2011, the summons was returned unexecuted because it was unclaimed by the addressee. Plaintiff's amended complaint has been pending for more than 120 days, and Plaintiff has not provided sufficient information regarding the location of Jeans to effect service, nor has he demonstrated "good cause" for such failure. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994). Thus, Jeans is dismissed from this action.

## CONCLUSION

Because each of the elements of res judicata has been satisfied, the Court concludes that the claims asserted in the current action are barred. Defendants' motions to dismiss are GRANTED. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 10/17/11

_____
LUCY H. KOH
United States District Judge